# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

RONNIE NEAL MULLINS,

       *Defendant-Appellant.*

No. 03-4517

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-03-7)

Submitted: March 17, 2004

Decided: April 12, 2004

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronnie Neal Mullins appeals his conviction, pursuant to a guilty plea, for one count of possessing a firearm while a convicted felon and unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) (2000). The Government has moved to dismiss the appeal on the basis of Mullins's waiver of appellate rights in his plea agreement. Because the waiver was explicitly limited to an appeal regarding sentencing guidelines factors, we deferred action on the motion to dismiss until Mullins filed his brief and the transcripts were completed. Because we find the issues raised by Mullins on appeal are not foreclosed by his waiver, *see United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991), we deny the Government's motion to dismiss. However, finding no reversible error, we affirm Mullins's conviction and sentence.

Mullins asserts the district court erred in failing to conduct a full and thorough plea colloquy under Fed. R. Crim. P. 11 by accepting Mullins's plea after Mullins demonstrated he was not fully aware of the factual basis underlying the Government's case and by failing to adequately inquire into the effects of Mullins's prescription medication on his competency. We have reviewed the record and find these arguments without merit.

Because Mullins did not object during the plea colloquy or seek to withdraw his plea in the district court, this Court's review is for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Consequently, Mullins must show (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 62-63; *United States v. Olano*, 507 U.S. 725, 732 (1993). To establish that his substantial rights were affected, Mullins must demonstrate that absent the errors, he would not have entered his guilty plea. *United States v. Martinez*, 277 F.3d 517, 524 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002).

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P.

11(b)(3). This rule "ensures that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). However, "Rule 11 does not require the judge to establish through colloquy that a factual basis exists for the plea. The court may conclude that a factual basis exists from anything that appears on the record." *Id.*

A district court's finding of a factual basis for a guilty plea is reviewed for abuse of discretion, and this Court "cannot find error so long as the district court could reasonably determine that there was a sufficient factual basis." *Martinez*, 277 F.3d at 531. Our review of the record convinces us the district court both made clear what conduct Mullins admitted to and properly found those admissions were factually sufficient to sustain Mullins's conviction.

"Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999). "As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993). For medication to render a defendant incompetent, his mental faculties must be so impaired by drugs that he is incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights, and of realizing the consequences of his plea. *United States v. Truglio*, 493 F.2d 574, 578 (4th Cir. 1974).

When a district court is informed that a defendant is under the influence of medication, the court has a duty to make further inquiry into the defendant's competence to plead guilty. *Damon*, 191 F.3d at 564. While "[t]he plea colloquy required by Rule 11 must be conducted with some flexibility," when any answer raises questions regarding the defendant's mental state as a result of medication, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily. *Id.* at 565. We have reviewed the record and find the district court's inquiry adequate under these standards.*

---

*We also note that Mullins does not contend on appeal that he actually was incompetent as a result of his medication or that there was an insufficient factual basis for his guilty plea.

Accordingly, we affirm Mullins's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*